Frank S. McCullough, J.
This is a motion by the petitioner for an order staying the action for declaratory judgment brought by the respondent until after arbitration, and directing the respondent to proceed to such arbitration. The action sought to be stayed prays for a declaration by the court that the agreement between the parties hereto, dated January 4,1952, and containing an arbitration clause, is invalid and unenforcible as contrary to public policy.
By the subject agreement, the respondent retained the petitioner as his ‘ ‘ business manager” for a period of 10 years with certain renewal provisions, as well as the necessary provisions covering compensation, etc.
Subsequently, on or about May 29, 1959, the parties hereto, their wives and corporations controlled by them entered into a settlement agreement. On June 25, 1959, pursuant to the aforesaid settlement agreement, the petitioner and his wife gave the respondent and his wife a general release. In October, 1960, the petitioner served a demand for arbitration under the agreement of January 4, 1952 wherein the following paragraph appeared:
‘119. In the event that there shall arise at any time any controversy whatsover with regard to the performance or breach or interpretation of this agreement, any and all such controversies shall be submitted to arbitration in accordance with the rules then obtaining of the American Arbitration Association.” Prior to the institution of the declaratory judgment suit, the respondent moved to stay arbitration on the ground that the January 4, 1952 agreement had been extinguished by the subsequent settlement agreement and general relase. Mr. Justice McGtvern denied the motion for a stay, which order was affirmed by the Appellate Division and the Court of Appeals (13 A D 2d 486, affd. 10 N Y 2d 158).
The court notes that there has been a lapse of nine years from the date of the agreement attacked in the complaint to the time of the institution of the action for a declaratory judgment. It is significant that the validity of the agreement has been placed in issue for the first time on the eve of the scheduled arbitration, after the previous litigation alluded to above had proceeded to the highest court of the State.
Section 1451 of the Civil Practice Act provides that where the issue involved in an action is referable to arbitration, the court “ shall stay all proceedings in the action or proceeding until such arbitration has been had in accordance with the terms of the contract
*877 Despite the respondent’s contention that in certain instances the courts will stay arbitration in order to first determine whether there is a valid and enforcible contract, it is the opinion of this court that the instant case falls within the approach enunciated in Adroit Metals Prods. v. Young’s Windows of America (279 App. Div. 580):
‘ ‘ The contract in question concededly contained a broad arbitration clause submitting ‘ any ’ controversy to arbitration. Plaintiffs do not allege that the contract was procured by fraud or duress nor do they ask that it be rescinded or annulled but only that certain paragraphs be declared void and unenforcible including the arbitration clause. On the facts and circumstances of this case, all issues in the controversy between the parties including the validity, application or limitation of the covenants in question, are for the arbitrators who may if they deem it proper decide such issues either in plaintiffs’ or defendants’ favor. On the coming in of the award the parties will have opportunity to raise any question as to its scope and enforcement. The court in its discretion should not take jurisdiction of this action for declaratory judgment as other forms of relief are available for adjudication of plaintiffs’ claims.”
Accordingly, the petitioner’s motion is granted and the action for declaratory judgment stayed and the parties are directed to proceed to arbitration.